**In the Matter of BUILDERS SUPPLY OF WILMINGTON, INC., Debtor.**

**Algernon L. BUTLER, Jr., Trustee in Bankruptcy for Builders Supply of Wilmington, Inc., Plaintiff,**

v.

**SOUTHEASTERN MILLWORKS, INC., Defendant.**

**Bankruptcy No. M–83–01018–7.
Adv. No. M–84–0057–AP.**

United States Bankruptcy Court,
E.D. North Carolina.

June 4, 1984.

Algernon L. Butler, Jr., pro se.

William J. Boney, Jr., and James Oliver Carter, Wilmington, N.C., for defendant.

## MEMORANDUM OPINION

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the plaintiff's Complaint to recover an alleged preferential transfer under the provisions of 11 U.S.C. § 547(b).

After considering the evidence, the Court finds the facts to be as follows:

## FINDINGS OF FACT

On March 29, 1983, the Sheriff of New Hanover County, North Carolina, attached certain personal property of the debtor as a result of a civil action then pending in the General Court of Justice, District Court Division, New Hanover County, North Carolina. The civil action had been instituted by the defendant to collect an alleged account receivable due the defendant from the debtor in the amount of approximately Twenty-Six Thousand and No/100 Dollars ($26,000.00). The property attached by the Sheriff of New Hanover County consisted of building supplies, a trailer, a van and two automobiles. The building supplies were located partly in a warehouse on the debtor's premises and partly in the van and trailer which were located on the plaintiff's premises. The Sheriff requested and received permission from the plaintiff to store the attached property on the plaintiff's premises. The property inside the van and trailer was left in the van and trailer, both of which were secured with padlocks by the Sheriff, and all keys were retained by the Sheriff. The other building supplies which were attached by the Sheriff were moved to a separate room within the building occupied by the plaintiff, and the room was secured by the Sheriff by boarding up the entrance to the room.

The automobiles were removed from the premises by the Sheriff and stored on a storage lot selected by the Sheriff. Storage costs in excess of Two Thousand and No/100 Dollars ($2,000.00) have been incurred by the Sheriff for the expense of storing the motor vehicles on the public storage lot.

On May 16, 1983, all of the building supplies attached by the Sheriff were de-

stroyed by fire. There is no evidence that the Sheriff was negligent with respect to the destruction of the property. The property was not insured. The fair market value of the property destroyed was Six Thousand Three Hundred Twenty-Eight and No/100 Dollars ($6,328.00).

On June 27, 1983, the plaintiff, Builders Supply of Wilmington, Inc., filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

Subsequently, the Trustee in Bankruptcy took possession of the motor vehicles that had been attached by the Sheriff and disposed of the same by public sale.

## ISSUE

The issue is whether the attachment by the Sheriff of New Hanover County of certain personal property of the plaintiff constituted a preferential transfer by the plaintiff to the defendant, Southeastern Millworks, Inc., and, if so, is the plaintiff entitled to recover the fair market value of the property attached from the defendant?

## CONSIDERATION OF ISSUE

11 U.S.C. § 547(b) provides that the Trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before the transfer was made;

(3) made while the debtor was insolvent;

(4) made on or within 90 days before the filing of the petition.

(5) that enables such creditor to receive more than such creditor would receive in this case if the transfer had not been made.

■■■ The legal criteria to be applied in determining whether a preferential transfer occurred must be applied as of the time of the transfer. *See* 4 COLLIER ON BANKRUPTCY ¶ 547.27 (15th ed. 1983). In the present case, it is clear that property of the debtor was transferred to the Sheriff for the benefit of the defendant. 11 U.S.C. § 101(41). The transfer was for an antecedent debt. The transfer was made within ninety (90) days of the filing of the petition and the debtor is presumed insolvent. 11 U.S.C. § 547(f). And the transfer enabled the creditor to receive more than such creditor would receive if the transfer had not been made. All of the elements of a preferential transfer are present.

11 U.S.C. § 550(a) provides that, to the extent that a transfer is avoided under § 547, the trustee may recover the property transferred, or, if the Court so orders, the value of the property from the initial transferee or the entity for whose benefit such transfer was made.

■■■ The trustee has already taken possession of the autos and trailer; however, the building supplies have been destroyed by fire. N.C.GEN.STAT. § 1–440.-35 provides that the Sheriff is liable for the care and custody of the personal property levied upon pursuant to an Order of Attachment. However, the Sheriff's liability arises only when such loss, damage or destruction is caused by the Sheriff's failure to exercise proper care and diligence to preserve the property. 70 Am.Jur.2d *Sheriffs, Police and Constables* § 71 (1983). The defendant in this action has no liability for the failure of the attaching deputy to safely keep the attached property unless he actually contributes or participates in the wrongful actions which cause the injury or the damage to the attached property.

■■■ The plaintiff further contends that the defendant is liable to the plaintiff on the attachment bond. The purpose of an attachment bond is to provide for payment of damages and costs that the party whose property is attached may sustain if the property has been wrongfully attached. 6 Am.Jur.2d *Attachment and Garnishment* § 518 (1983). The purpose of the bond should not be to provide a source of property insurance against accidental loss or damage to the attached property. This Court will not impose upon an attaching plaintiff liability on its attachment bond for the risk of such loss. This position is supported by 6 Am.Jur.2d *Attachment and Garnishment* § 534 (1983), which indicates that the liability of both the principal and surety on a release bond is discharged by loss of the attached property through an act of God.

## CONCLUSIONS OF FACT AND LAW

The Court concludes that there was a preferential transfer of the debtor's property for the benefit of the defendant at the time the property was attached by the Sheriff of New Hanover County. However, the loss occurred without any negligence on the part of the Sheriff or the defendant. The loss of the property by fire is an unfortunate event; however, this event was beyond the control of either the plaintiff or the defendant, and this Court, as a Court of equity, is not inclined to charge the defendant with the value of the property when the loss occurred without any negligence on the part of the defendant. The attaching creditor is not an absolute insurer for the safety and return of the debtor's property.

The attachment is a voidable preference and the attachment by the Sheriff is avoided. However, the trustee's request for damages from the defendant for the value of the property destroyed by fire should be denied. A separate Order to this effect will be entered.